[Civ. No. 12079.  Second Appellate District, Division Two.—April 17, 1939.]

N. HADDOCK, Appellant, v. REPUBLIC PRODUCTIONS, INC. (a Corporation), et al., Respondents.

Harry J. Miller for Appellant.

Loeb & Loeb and Milton H. Schwartz for Respondents.

WOOD, J.—Plaintiff, holding an assignment from Gordon W. Levoy, asks a judgment against defendants under an allegation that "defendants became indebted to Gordon W. Levoy for and on account of legal services rendered and

performed by the said Gordon W. Levoy for the defendants, at the instance and request of the defendants, in the reasonable sum of $5,000.00''. The complaint contains an additional count based upon allegations of an account stated, and a third count based upon allegations of indebtedness upon an open book account. Findings and judgment went for defendants and it is the contention of plaintiff on this appeal that the evidence does not sustain the findings and that the uncontradicted evidence compels a judgment for plaintiff. It is argued on behalf of plaintiff that Mr. Levoy rendered services with the knowledge and acquiescence of defendants and that defendants accepted substantial benefits therefrom, resulting in a liability on the theory of an implied contract.

Gordon W. Levoy became attorney for Mr. and Mrs. Nat Levine in 1930 or 1931 and thereafter performed legal services for them. In June, 1935, Levoy became attorney for defendant Republic Productions, Inc., upon a monthly retainer basis, Mr. Levine being at that time vice-president and later president of Republic Productions. Mr. Levine was also president of Mascot Pictures Realty Corporation. Mr. Levoy's employment by defendants was at the instance of Mr. Levine and was on a monthly retainer basis until his employment ceased on April 27, 1937.

A lease of certain real estate was made by Guarantee Liquidating Corporation to Mascot Pictures Realty Corporation under date of December 22, 1934, for five years containing a provision against assignment without the consent of the lessor. An agreement was made on October 12, 1935, between Mrs. Levine and Republic Productions whereby Mrs. Levine sold to the last-mentioned corporation all of the stock of the Mascot Pictures Realty Corporation and thereupon Republic Productions was placed in possession of the premises which were the subject of the lease. It was provided in the agreement that Republic Productions would pay to the Levines the purchase price of the Mascot stock in monthly instalments during the term of the lease and that if the lease should be canceled by a court judgment for any cause arising before the date of the agreement all payments by Republic Productions to the Levines would

cease. The Levines owned a substantial stock interest in Republic Productions.

An action was commenced by Guarantee Liquidating Corporation in August, 1936, in one count of which it was sought to cancel the lease held by the Mascot Corporation on the ground that the activities of the defendants had amounted in fact to an assignment of the lease without the consent of the lessor, and in the second count it was sought to recover damages against the Levines for fraud in connection with the lease. On instructions from Mr. Levine the law firm of Finlayson, Bennett & Morrow was engaged to act as counsel for the defendants in the action commenced by Guarantee Liquidating Corporation and they formally appeared in the action. Early in April, 1937, the new president of Republic Productions, M. J. Siegel, discharged Levoy as attorney for defendant corporations, according to his testimony, because of conflict between the Levines and defendant corporations. Mr. Levoy was instructed by Siegel to "turn over all matters he was handling for Republic and its affiliates to Mr. Huebner". Mr. Levoy complied with these instructions. In May, 1937, Mr. Levoy commenced an action against Republic Productions on behalf of one Zobel, but before doing so obtained Siegel's consent for the reason that Levoy while attorney for Republic Productions had taken part in the preparation of the contract which was the subject of Zobel's suit.

The action filed by Guarantee Liquidating Corporation came to trial on July 22, 1937, at which time Mr. Morrow presented a motion to associate Eugene Breitenbach as attorney of record for the respondents herein and for the association of Mr. Levoy as attorney for Mr. and Mrs. Levine. The next day the litigation was settled out of court. During the period between April 27, 1937, and July 22, 1937, Levoy performed services in aid of the defense in the action pending against defendants and the Levines, the testimony showing that a larger percentage of the work was done in connection with the defense to count one. Mr. Levoy's services during this period form the basis of plaintiff's claim of liability on the part of defendants. ■ On the other hand defendants contend that Levoy's services were rendered only on behalf of the Levines and that the Levines

204

have already compensated him. Mr. Siegel testified that he did not know that Mr. Levoy was claiming or purporting to represent defendant corporations at any time after he ceased to be their attorney in April, 1937. The two counts of the complaint of Guarantee Liquidating Corporation were interwoven and there is evidence that the services rendered by Mr. Levoy were such as should be rendered in behalf of his clients, the Levines. It is apparent that the findings are sustained by the facts shown in evidence, together with such inferences as the trial court could reasonably draw therefrom.

█ There is no merit in plaintiff's contention that he is entitled to recover on the causes of action alleging an open book account and an account stated. Mr. Levoy sent to defendants statements of his bill but there is no evidence of an acknowledgment of indebtedness or any assent express or implied that any balance was due.

The judgment is affirmed.

Crail, P. J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 15, 1939.